# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

March 6, 2012
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DARIS R. KISNER,**
**Claimant Below, Petitioner**

**vs.)  No. 11-0788**  (BOR Appeal No. 2045277)
(Claim No. 2008033641)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**CONSOLIDATION COAL COMPANY,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Daris R. Kisner, by Robert Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Consolidation Coal Company, by Gary Nickerson, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 26, 2011, in which the Board affirmed an October 15, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 9, 2009, decision granting Mr. Kisner a 1% permanent partial disability award for his left ankle injury. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Kisner injured his left ankle while tightening a steel union on February 13, 2008. On April 22, 2009, the claim was held compensable for left ankle fracture, left ankle sprain/strain, and left ankle pain. On July 7, 2009, Dr. Condaras performed an independent medical evaluation and recommended a 1% permanent partial disability award for the compensable injury. On November 8, 2009, Dr. Milan performed an independent medical evaluation and recommended a 10% permanent partial disability award. On July 22, 2010, Dr. Martin performed an independent medical evaluation and agreed with Dr. Condaras's recommendation of a 1% permanent partial disability award.

In its Order affirming the claims administrator's July 9, 2009, decision, the Office of Judges held that Mr. Kisner is entitled to a 1% permanent partial disability award for his left ankle injury. Mr. Kisner disputes this finding and asserts, per the opinion of Dr. Milan, that he is entitled to a 10% permanent partial disability award for his left ankle injury.

The Office of Judges found that the report of Dr. Milan is suspect when compared to the other two independent medical evaluations of record. Dr. Milan found much greater range of motion impairment in the left ankle than did Dr. Condaras, who evaluated Mr. Kisner before she did, and Dr. Martin, who evaluated him afterwards. The Office of Judges further found that Dr. Milan did not use the proper device to measure Mr. Kisner's range of motion impairment, as pointed out by Dr. Martin. The Board of Review reached the same reasoned conclusion in its decision of April 26, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 6, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II